### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Quantavias Mays,

        Plaintiff,

v.

Stellar Recovery, Inc,

        Defendant.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendant's false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and Defendant's unlawful actions made in connection with Defendant's attempts to collect a debt included in Plaintiff's bankruptcy.

## PARTIES

2. Plaintiff, Quantavias Mays, is natural person who resides in Henry County, Georgia.

3. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Stellar Recovery, Inc. (hereinafter "Stellar") does business in Georgia.

6. Defendant regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

7. Defendant uses interstate commerce or mail in business, the principal purpose of which is the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

9. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. On May 29, 2014, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 14-60380.

11. Among the debts scheduled was a debt being collected by Defendant.

12. On or about June 1, 2014, Defendant was served notice of Plaintiff's bankruptcy.

13. Defendant was not the original creditor on the alleged debt that was the subject of Defendant's actions. Rather, Defendant holds itself out as providing third party recovery services to creditors, and Defendant was attempting to collect the alleged debt for the original creditor, Dish Network.

14. As plaintiff has no business or commercial debts, and the alleged debt being collected by Stellar was primarily for personal, family or household purposes, the alleged debt was/is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Upon filing for bankruptcy, the automatic stay of 11 U.S.C. § 362 went into effect, prohibiting Defendant from the commencement or continuation of collection activities against Plaintiff.

16. In conjunction with his Chapter 13 bankruptcy, Plaintiff proposed a Plan that specifically altered and thereafter defined the relationship and contractual rights and obligations of both the Plaintiff and Defendant regarding the debt being collected by Defendant.

17. The Bankruptcy Court confirmed the Plaintiff's Chapter 13 Plan, and Plaintiff has made all payments required under the terms of that plan thus far.

18. Upon filing the Bankruptcy, Plaintiff sought the court's assistance to renegotiate the terms of his debts.  Accordingly, the delinquency and repayment terms of the Plaintiff's debt being collected by Stellar were as ordered by the Court under the Chapter 13 Plan, not as they had existed prior to the bankruptcy filing.

19. Stellar did not file any proceedings to declare its alleged debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*, nor did it obtain relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any personal liability.

20. On or about January 11, 2016, Plaintiff obtained a copy of his consumer report as published by Trans Union LLC (hereinafter "Trans Union").  A

true and correct copy of the relevant portions of the report is attached as "Exhibit A."

21. On or about January 13, 2016, Plaintiff obtained a copy of his consumer report as published by Experian Information Solutions, Inc. (hereinafter "Experian"). A true and correct copy of the relevant portions of the report is attached as "Exhibit B."

22. Trans Union and Experian are both consumer reporting agencies, as defined by 15 U.S.C. § 1681a(f).

23. The Trans Union and Experian reports both contained erroneous information as provided and reported by Defendant Stellar. Specifically, Defendant Stellar reported that the alleged debt was in active collection status, and that there was a past due balance of $164 owed.

24. As the debt is included in Plaintiff's bankruptcy, and Defendant was and is prohibited from commencing or continuing collection activities against Plaintiff, these statements were false and misleading.

25. Additionally, Defendant's reporting post-confirmation derogatory information was inaccurate and misleading, in that Defendant continued reporting information based on pre-bankruptcy contract terms, which had been rendered moot by Plaintiff's Chapter 13 Plan.

26. Any delinquency based on pre-bankruptcy terms was similarly moot: though the debt continued to exist, the terms and schedule of repayment, including the timeliness thereof, depended solely on the Chapter 13 Plan.

27. Because Plaintiff is performing all of his payment obligations under law and court order, and the automatic bankruptcy stay is in effect, it was and is inherently inaccurate, false, and misleading for Defendant Stellar to report the alleged debt as being in collection status and having a past due balance of $164.

28. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's ("CDIA") Metro 2 reporting standards, which provides industry-standard guidance for credit reporting and compliance for furnishers.

29. Pursuant to 15 U.SC. § 1681s–2, Defendant Stellar is responsible for providing accurate information whenever they furnish information to consumer reporting agencies, such as Trans Union and Experian.

30. By providing inaccurate information to Trans Union and Experian, Defendant breached its duty under 15 U.SC. § 1681s–2.

31. Defendant was served notice of Plaintiff's bankruptcy, and thus had knowledge of Plaintiff's bankruptcy.

32. As Defendant reported the false and misleading information to Trans Union and Experian, despite having knowledge that the information was false and misleading, Defendant's conduct was willful.

33. As a result of Defendant's willful actions and omissions, Plaintiff is eligible for statutory damages.

34. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendant's wrongful representations, such as mail expense, and mileage expense; and, emotional distress.

35. Defendant's reporting of the debt to one or more consumer reporting agencies was an attempt to collect the debt, and Defendant provided the false and misleading information to Trans Union and Experian in furtherance of its efforts to collect the debt.

36. Upon information and belief, frequent actions such as those that Defendant took in the instant case are Defendant's modus operandi for debt collection.

37. Defendant does not maintain a place of business in Georgia and has no assets in Georgia.

## **TRIAL BY JURY**

38. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)

39. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40. Defendant Stellar's provision of false and/or misleading information in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

41. As a result of Defendant Stellar's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendant's wrongful representations, such as mail expense, and mileage expense; and, emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

42. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Stellar $1,000 in statutory damages, reasonable attorney's fees, and costs.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.G.C.A. § 10-1-393(a)

43. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

44. Defendant Stellar violated 15 U.S.C. § 1692, as set forth above, deemed a violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

45. The GFPBA, codified at OCGA § 10-1-391 et seq., directs liberal interpretation and application, as well as in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

46. Defendant Stellar does not maintain a place of business in Georgia and has no assets in Georgia.

47. As a result of Defendant Stellar's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a).

48. Defendant Stellar's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

49. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

## COUNT III

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, U.S.C. § 362

50. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

51. Defendant's actions in connection with its attempts to collect the alleged debt violated the Automatic Stay of 11 U.S. Code § 362.

52. Defendant willfully violated 11 U.S.C. § 362 by attempting to collect a debt included in bankruptcy by reporting post-filing derogatory collection information, including that there was still a balance in active collection.

53. Defendant's actions and omissions were willful, rendering it liable for civil contempt sanctions.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.) General and/or exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

    d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k and O.G.C.A. § 10-1-399(d);

e.) Civil Contempt damages and penalties in an amount sufficient to affirm the integrity of the Orders of the Bankruptcy Court, and to deter future similar conduct on the part of the Defendant; and,

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of April, 2016.

> */s/ Paul J. Sieg*
> Paul J. Sieg, Bar No.: 334182
> Matthew T. Berry, Bar No.: 055663
> Berry & Associates
> 2751 Buford Highway, Suite 600
> Atlanta, GA 30324
> Ph. (404) 235-3305
> Fax (404) 235-3333
> psieg@mattberry.com
> matt@mattberry.com
> *Plaintiff's Attorneys*